1  PAUL L. REIN, State Bar No. 43053
   CELIA MCGUINNESS, State Bar No. 159420
2  CATHERINE M. CABALO, State Bar No. 248198
   LAW OFFICES OF PAUL L. REIN
3  200 Lakeside Drive, Suite A
   Oakland, CA  94612
4  Telephone:  (510) 832-5001
   Facsimile:  (510) 832-4787
5  reinlawoffice@aol.com

6  Attorneys for Plaintiff
   BERTHA JOHNSON
7
   * Defendants' counsel listed after the caption
8

9                  UNITED STATES DISTRICT COURT

10        FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12  BERTHA JOHNSON,                    Case No. C11-04596 NC

13              Plaintiff,             Civil Rights

14      v.                             CONSENT DECREE AND
15  99¢ ONLY STORES, a corporation;    [PROPOSED] ORDER AS TO
    1931 SAN PABLO PARTNERS, LLC;      INJUNCTIVE RELIEF ONLY
16  and DOES 1-10, Inclusive,

                Defendants.
17

18  Brian C. Coolidge, State Bar No. 215434
    GREENWALD, PAULY, FOSTER
19  & MILLER, P.C.
    1299 Ocean Avenue, Suite 400
20  Santa Monica, CA 90401-1007
    Telephone: (310) 451-8001
21  Facsimile: (310) 395-5961
    bcoolidge@gpfm.com
22
    Attorneys for Defendant
23  99¢ ONLY STORES

24  Eugene B. Elliot, State Bar No. 111475
    BERTRAND, FOX & ELLIOT
25  2749 Hyde Street
    San Francisco, CA 94109
26  Telephone: (415) 353-0999
    Facsimile: (415) 353-0990
27  eelliot@bfesf.com

28
    CONSENT DECREE & ORDER AS
    TO INJUNCTIVE RELIEF ONLY
    Case No. C11-04596 NC

Attorneys for Defendant
1931 SAN PABLO PARTNERS, LLC

1.    Plaintiff BERTHA JOHNSON ("Plaintiff") filed a Complaint in this action on September 16, 2011 to obtain recovery of damages for her discriminatory experiences, denial of access, and denial of her civil rights, and to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and California civil rights laws against Defendants 99¢ ONLY STORES and 1931 SAN PABLO PARTNERS, LLC (together sometimes "Defendants"), relating to the condition of Defendants' public accommodations as of April 12, 2010, and continuing.  Plaintiff has alleged that Defendants violated Title III of the ADA and sections 51, 52, 54, 54.1, 54.3, and 55 of the California Civil Code, and sections 19955 *et seq.* of the California Health & Safety Code by failing to provide full and equal access to their facilities at 1931-1941 San Pablo Ave., Berkeley, California (the "Store").

2.    Plaintiff and Defendants (together sometimes the "Parties") hereby enter into this Consent Decree and Order for the purpose of resolving injunctive relief aspects of this lawsuit without the need for protracted litigation.  Issues of damages and attorneys' fees, costs, and expenses will be the subject of further negotiations and litigation if necessary.

- 2 -

**JURISDICTION:**

3.     The Parties to this Consent Decree and Order agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101 *et seq.* and pursuant to supplemental jurisdiction for alleged violations of California Health & Safety Code sections 19955 *et seq.*; Title 24, California Code of Regulations; and California Civil Code sections 51, 52, 54, 54.1, 54.3, and 55.

4.     In order to avoid the costs, expense, and uncertainty of protracted litigation, the Parties to this Consent Decree and Order agree to entry of this Consent Decree and Order to resolve all claims regarding injunctive relief raised in the Complaint filed with this Court.  Accordingly, the Parties agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning Plaintiff's claims for injunctive relief.

WHEREFORE, the Parties to this Consent Decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provide as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

5.     This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendants for injunctive relief that have arisen out of the subject Complaint.

- 3 -

CONSENT DECREE & ORDER AS
TO INJUNCTIVE RELIEF ONLY
Case No. C11-04596 NC

6.     The Parties agree and stipulate that the corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2, and Americans with Disabilities Act Accessibility Guidelines, unless other standards are specifically agreed to in this Consent Decree and Order.

a)     **Remedial Measures:** Except as otherwise provided herein, the corrective work agreed upon by the Parties to be performed at the Store is set forth in **Attachment A** (a draft report by Plaintiff's access consultant, Karl Danz), and **Attachment B** (Cover Sheet, Site Plan, and Details by Kava Massih Architects, dated November 1, 2011).  Mr. Danz' report that is **Attachment A** and the Cover Sheet, Site Plan, and Details by Kava Massih that are **Attachment B** are attached and incorporated herewith.  Defendants agree to undertake all of the respective remedial work as set forth therein, except as otherwise provided in this Paragraph No. 6.  **Attachment B** specifically covers Item Nos. 1.001, 3.001-3.009, and 3.011 in **Attachment A**.  Defendant 1931 SAN PABLO PARTNERS, LLC agrees to complete all of the work detailed in **Attachment B**.  Defendant 99¢ ONLY STORES agrees to complete all of the work detailed in **Attachment A** other than that identified in Item Nos. 1.001, 2.008, 2.108, and 3.001-3.011 therein, and with the following further exceptions and modifications:

- 4 -

(1)     With regard to Item No. 1.006, instead of the work proposed in **Attachment A**, 99¢ ONLY STORES will, in its sole and exclusive discretion, either (a) add a sign to the column as described in **Attachment A** or (b) relocate the freezer to an accessible location.

(2)     With regard to Item No. 1.003, instead of the work proposed in **Attachment A**, 99¢ ONLY STORES will (a) install signage (which shall be compliant with the ADA) in four locations in the Store interior stating, "If you require assistance with any merchandise, please notify one of our friendly team 99er's," and (b) will educate and train employees at the Store with respect to the stocking of merchandise in the public sales area of the Store, about (i) the difficulties that customers with disabilities may have in reaching merchandise and the Store policy of assisting customers with merchandise upon request, (ii) what "reach ranges" are under Title 24, California Code of Regulations, sections 1118B.5 and 1118B.6, and ADAAG sections 308.2 and 308.3, and (iii) the Store policy that, when reasonably possible in light of the conditions at the store (e.g., available shelf space), merchandise should be stocked within reach of customers, including those with disabilities.

b)     **Timing of Injunctive Relief**:  Defendants will submit plans for all corrective work requiring permits to the appropriate governmental agencies within 30 days of the entry of this Consent Decree by the Court.  Defendants will

- 5 -

CONSENT DECREE & ORDER AS
TO INJUNCTIVE RELIEF ONLY
Case No. C11-04596 NC

commence work within 30 days of receiving approval from the appropriate

agencies. Defendant 1931 SAN PABLO PARTNERS, LLC will complete all work

described in **Attachment B** by October 15, 2012. All other work described in this

Consent Decree and Order will be completed by July 27, 2012. In the event that

unforeseen difficulties prevent Defendants from completing any of the agreed-

upon injunctive relief, Defendants or their counsel will notify Plaintiff's counsel in

writing within 15 days of discovering the delay. Plaintiff will have thirty (30) days

to investigate and meet and confer, and to approve the delay by stipulation or

otherwise respond to Defendants' notice. If the Parties cannot reach agreement

regarding the delay within an additional fifteen days, Plaintiff may seek

enforcement by the Court. Defendants or their counsel will notify Plaintiff's

counsel when the corrective work is completed, and in any case will provide a

status report to Plaintiff's counsel no later than 120 days from the entry of this

Consent Decree.

    c)  Defendants will notify Plaintiff in writing at the end of 120

days from the Parties' signing of this Consent Decree and Order as to the current

status of agreed-to injunctive relief, and every 90 days thereafter until all access is

provided. If Defendants fail to provide injunctive relief on the agreed upon

timetable and/or fail to provide timely written status notification, and Plaintiff files

a motion with the Court to obtain compliance with these terms, Plaintiff reserves

CONSENT DECREE & ORDER AS
TO INJUNCTIVE RELIEF ONLY
Case No. C11-04596 NC

the right to seek additional attorneys' fees for any compliance work necessitated by Defendants' failure to keep this agreement. If the Parties disagree, such fees shall be set by the Court.

**DAMAGES, ATTORNEYS' FEES, LITIGATION EXPENSES, AND COSTS:**

7.      The Parties have not reached any agreement regarding Plaintiff's claims for damages, attorneys' fees, litigation expenses, and costs. These matters will be the subject of future negotiation or litigation as necessary. <u>The Parties jointly stipulate and request that the Court not dismiss the case in its entirety as these issues remain unresolved</u>.

**ENTIRE CONSENT DECREE AND ORDER:**

8.      This Consent Decree and Order and **Attachments A & B** constitute the entire agreement between the signing Parties on the matters of injunctive relief, and no other statement, promise, or agreement, either written or oral, made by any of the Parties or agents of any of the Parties that is not contained in this written Consent Decree and Order, shall be enforceable regarding the matters of injunctive relief described herein. This Consent Decree and Order applies to Plaintiff's claims for injunctive relief only and does not resolve Plaintiff's claims for damages, attorneys' fees, litigation expenses, and costs, which shall be the subject of further

- 7 -

negotiation and/or litigation.  The Parties stipulate that all Parties request that the

Court not dismiss the case in its entirety as issues of statutory damages, attorneys'

fees, litigation expenses, and costs are still before the Court.


**CONSENT DECREE AND ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

9.    This Consent Decree and Order shall be binding on Plaintiff,

Defendants, and any successors-in-interest.  Defendants have a duty to so notify all

such successors-in-interest of the existence and terms of this Consent Decree and

Order during the period of the Court's jurisdiction of this Consent Decree and

Order.


**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO INJUNCTIVE RELIEF ONLY:**

10.    Each of the Parties to this Consent Decree and Order understands and

agrees that there is a risk and possibility that, subsequent to the execution of this

Consent Decree and Order, any or all of them will incur, suffer, or experience

some further loss or damage with respect to the lawsuit that is unknown or

unanticipated at the time this Consent Decree and Order is signed.  Except for all

obligations required in this Consent Decree and Order, the Parties intend that this

Consent Decree and Order apply to all such further loss with respect to the lawsuit,

except those caused by the Parties subsequent to the execution of this Consent

- 8 -

Decree and Order.  Therefore, except for all obligations required in this Consent

Decree and Order, this Consent Decree and Order shall apply to and cover any and

all claims, demands, actions, and causes of action by the Parties to this Consent

Decree with respect to the lawsuit, whether the same are known, unknown, or

hereafter discovered or ascertained, and the provisions of Section 1542 of the

California Civil Code are hereby expressly waived.  Section 1542 provides as

follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.**

This waiver applies to the injunctive relief aspects of this action only and does not

include resolution of Plaintiff's claims for damages, attorneys' fees, litigation

expenses, and costs.

      11.    Except for all obligations required in this Consent Decree and Order –

and exclusive of Plaintiff's referenced continuing claims for damages, statutory

attorneys' fees, litigation expenses, and costs – each of the Parties to this Consent

Decree and Order, on behalf of each, their respective agents, representatives,

predecessors, successors, heirs, partners, and assigns, releases and forever

discharges each other Party and all officers, directors, shareholders, subsidiaries,

joint venturers, stockholders, partners, parent companies, employees, agents,

- 9 -

attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the lawsuit.

**TERM OF THE CONSENT DECREE AND ORDER:**

12.     This Consent Decree and Order shall be in full force and effect for a period of eighteen (18) months after the date of entry of this Consent Decree and Order by the Court, or until the injunctive relief contemplated by this Order is completed, whichever occurs later.  The Court shall retain jurisdiction of this action to enforce provisions of this Consent Decree and Order for eighteen (18) months after the date of entry of this Consent Decree and Order by the Court, or until the injunctive relief contemplated by this Order is completed, whichever occurs later.

**SEVERABILITY:**

13.     If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

CONSENT DECREE & ORDER AS
TO INJUNCTIVE RELIEF ONLY
Case No. C11-04596 NC

**SIGNATORIES BIND PARTIES:**

14.     Signatories on the behalf of the Parties represent that they are authorized to bind the Parties to this Consent Decree and Order.  This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.


**END OF PAGE.**
**SIGNATURES CONTINUE ON THE NEXT PAGE AND ORDER IS AT THE END OF THE DOCUMENT.**

- 11 -

CONSENT DECREE & ORDER AS
TO INJUNCTIVE RELIEF ONLY
Case No. C11-04596 NC

Dated: ___U/11___, 2012          PLAINTIFF BERTHA JOHNSON

_____
BERTHA JOHNSON

Dated: ___U/11___, 2012          DEFENDANT 99¢ ONLY STORES

By: _____

Print name: Doug Digison

Title: AVP Const- & Store Design

Dated: ___U/11___, 2012          DEFENDANT 1931 SAN PABLO PARTNERS, LLC

By: _____

Print name: ALI R. KASHANI

Title: Member

APPROVED AS TO FORM:

DATED: ___U/11___, 2012          **LAW OFFICES OF PAUL L. REIN**

By: _____
Catherine Cabalo
Attorneys for Plaintiff
BERTHA JOHNSON

DATED: ___June 11___, 2012       **GREENWALD, PAULY, FOSTER & MILLER, P.C.**

By: _____
Brian C. Coolidge
Attorneys for Defendant
99¢ ONLY STORES

- 12 -

CONSENT DECREE & ORDER AS
TO INJUNCTIVE RELIEF ONLY
Case No. C11-04596 NC

1

2  DATED: ___6·11___, 2012        **BERTRAND, FOX & ELLIOT**

3

4                                  By: _____

5                                      Eugene B. Elliot
                                       Attorneys for Defendant
6                                      1931 SAN PABLO PARTNERS, LLC

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
                                      - 13 -
28
     CONSENT DECREE & ORDER AS
     TO INJUNCTIVE RELIEF ONLY
     Case No. C11-04596 NC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### ORDER

Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.

Dated: ___June 13___, 2012

Honorable Nathanael M. Cousins
United States Magistrate Judge

- 14 -

CONSENT DECREE & ORDER AS
TO INJUNCTIVE RELIEF ONLY
Case No. C11-04596 NC