1  PAUL L. REIN, State Bar No. 43053
   CELIA MCGUINNESS, State Bar No. 159420
2  CATHERINE M. CABALO, State Bar No. 248198
   LAW OFFICES OF PAUL L. REIN
3  200 Lakeside Drive, Suite A
   Oakland, CA  94612
4  Telephone:  (510) 832-5001
   Facsimile:  (510) 832-4787
5  reinlawoffice@aol.com

6  Attorneys for Plaintiff
   BERTHA JOHNSON
7
   * Defendants' counsel listed after the caption
8

9                UNITED STATES DISTRICT COURT
10
              FOR THE NORTHERN DISTRICT OF CALIFORNIA
11

12  BERTHA JOHNSON,
                                    Case No. C11-04596 NC
13                 Plaintiff,
                                    Civil Rights
14        v.
                                    CONSENT DECREE AND
15  99¢ ONLY STORES, a corporation;  [PROPOSED] ORDER AS TO
    1931 SAN PABLO PARTNERS, LLC;   INJUNCTIVE RELIEF ONLY
16  and DOES 1-10, Inclusive,

17                 Defendants.

18  Brian C. Coolidge, State Bar No. 215434
    GREENWALD, PAULY, FOSTER
19  & MILLER, P.C.
    1299 Ocean Avenue, Suite 400
20  Santa Monica, CA 90401-1007
    Telephone: (310) 451-8001
21  Facsimile: (310) 395-5961
    bcoolidge@gpfm.com
22
    Attorneys for Defendant
23  99¢ ONLY STORES

24  Eugene B. Elliot, State Bar No. 111475
    BERTRAND, FOX & ELLIOT
25  2749 Hyde Street
    San Francisco, CA 94109
26  Telephone: (415) 353-0999
    Facsimile: (415) 353-0990
27  eelliot@bfesf.com

28
    CONSENT DECREE & ORDER AS
    TO INJUNCTIVE RELIEF ONLY
    Case No. C11-04596 NC

1   Attorneys for Defendant
2   1931 SAN PABLO PARTNERS, LLC

3        1.    Plaintiff BERTHA JOHNSON ("Plaintiff") filed a Complaint in this

4   action on September 16, 2011 to obtain recovery of damages for her discriminatory
5

6   experiences, denial of access, and denial of her civil rights, and to enforce

7   provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C.

8   §§ 12101 *et seq.*, and California civil rights laws against Defendants 99¢ ONLY
9

10  STORES and 1931 SAN PABLO PARTNERS, LLC (together sometimes

11  "Defendants"), relating to the condition of Defendants' public accommodations as
12

13  of April 12, 2010, and continuing.  Plaintiff has alleged that Defendants violated

14  Title III of the ADA and sections 51, 52, 54, 54.1, 54.3, and 55 of the California

15  Civil Code, and sections 19955 *et seq.* of the California Health & Safety Code by
16

17  failing to provide full and equal access to their facilities at 1931-1941 San Pablo

18  Ave., Berkeley, California (the "Store").

19        2.    Plaintiff and Defendants (together sometimes the "Parties") hereby
20

21  enter into this Consent Decree and Order for the purpose of resolving injunctive

22  relief aspects of this lawsuit without the need for protracted litigation.  Issues of

23  damages and attorneys' fees, costs, and expenses will be the subject of further
24

25  negotiations and litigation if necessary.

26

27

28
                                          - 2 -

**JURISDICTION:**

3.     The Parties to this Consent Decree and Order agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101 *et seq.* and pursuant to supplemental jurisdiction for alleged violations of California Health & Safety Code sections 19955 *et seq.*; Title 24, California Code of Regulations; and California Civil Code sections 51, 52, 54, 54.1, 54.3, and 55.

4.     In order to avoid the costs, expense, and uncertainty of protracted litigation, the Parties to this Consent Decree and Order agree to entry of this Consent Decree and Order to resolve all claims regarding injunctive relief raised in the Complaint filed with this Court.  Accordingly, the Parties agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning Plaintiff's claims for injunctive relief.

WHEREFORE, the Parties to this Consent Decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provide as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

5.     This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendants for injunctive relief that have arisen out of the subject Complaint.

- 3 -

CONSENT DECREE & ORDER AS
TO INJUNCTIVE RELIEF ONLY
Case No. C11-04596 NC

6.      The Parties agree and stipulate that the corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2, and Americans with Disabilities Act Accessibility Guidelines, unless other standards are specifically agreed to in this Consent Decree and Order.

a)      **Remedial Measures:** Except as otherwise provided herein, the corrective work agreed upon by the Parties to be performed at the Store is set forth in **Attachment A** (a draft report by Plaintiff's access consultant, Karl Danz), and **Attachment B** (Cover Sheet, Site Plan, and Details by Kava Massih Architects, dated November 1, 2011). Mr. Danz' report that is **Attachment A** and the Cover Sheet, Site Plan, and Details by Kava Massih that are **Attachment B** are attached and incorporated herewith. Defendants agree to undertake all of the respective remedial work as set forth therein, except as otherwise provided in this Paragraph No. 6. **Attachment B** specifically covers Item Nos. 1.001, 3.001-3.009, and 3.011 in **Attachment A**. Defendant 1931 SAN PABLO PARTNERS, LLC agrees to complete all of the work detailed in **Attachment B**. Defendant 99¢ ONLY STORES agrees to complete all of the work detailed in **Attachment A** other than that identified in Item Nos. 1.001, 2.008, 2.108, and 3.001-3.011 therein, and with the following further exceptions and modifications:

- 4 -

(1)   With regard to Item No. 1.006, instead of the work proposed in **Attachment A**, 99¢ ONLY STORES will, in its sole and exclusive discretion, either (a) add a sign to the column as described in **Attachment A** or (b) relocate the freezer to an accessible location.

(2)   With regard to Item No. 1.003, instead of the work proposed in **Attachment A**, 99¢ ONLY STORES will (a) install signage (which shall be compliant with the ADA) in four locations in the Store interior stating, "If you require assistance with any merchandise, please notify one of our friendly team 99er's," and (b) will educate and train employees at the Store with respect to the stocking of merchandise in the public sales area of the Store, about (i) the difficulties that customers with disabilities may have in reaching merchandise and the Store policy of assisting customers with merchandise upon request, (ii) what "reach ranges" are under Title 24, California Code of Regulations, sections 1118B.5 and 1118B.6, and ADAAG sections 308.2 and 308.3, and (iii) the Store policy that, when reasonably possible in light of the conditions at the store (e.g., available shelf space), merchandise should be stocked within reach of customers, including those with disabilities.

b)   **Timing of Injunctive Relief**:   Defendants will submit plans for all corrective work requiring permits to the appropriate governmental agencies within 30 days of the entry of this Consent Decree by the Court.  Defendants will

- 5 -

CONSENT DECREE & ORDER AS
TO INJUNCTIVE RELIEF ONLY
Case No. C11-04596 NC

1   commence work within 30 days of receiving approval from the appropriate

2   agencies.  Defendant 1931 SAN PABLO PARTNERS, LLC will complete all work

3   described in **Attachment B** by October 15, 2012.  All other work described in this

4

5   Consent Decree and Order will be completed by July 27, 2012.  In the event that

6   unforeseen difficulties prevent Defendants from completing any of the agreed-

7
    upon injunctive relief, Defendants or their counsel will notify Plaintiff's counsel in
8

9   writing within 15 days of discovering the delay.  Plaintiff will have thirty (30) days

10  to investigate and meet and confer, and to approve the delay by stipulation or

11
    otherwise respond to Defendants' notice.  If the Parties cannot reach agreement
12

13  regarding the delay within an additional fifteen days, Plaintiff may seek

14  enforcement by the Court.  Defendants or their counsel will notify Plaintiff's

15
    counsel when the corrective work is completed, and in any case will provide a
16

17  status report to Plaintiff's counsel no later than 120 days from the entry of this

18  Consent Decree.

19
            c)      Defendants will notify Plaintiff in writing at the end of 120
20

21  days from the Parties' signing of this Consent Decree and Order as to the current

22  status of agreed-to injunctive relief, and every 90 days thereafter until all access is

23
    provided.   If Defendants fail to provide injunctive relief on the agreed upon
24

25  timetable and/or fail to provide timely written status notification, and Plaintiff files

26  a motion with the Court to obtain compliance with these terms, Plaintiff reserves

27

28

CONSENT DECREE & ORDER AS
TO INJUNCTIVE RELIEF ONLY
Case No. C11-04596 NC

the right to seek additional attorneys' fees for any compliance work necessitated by Defendants' failure to keep this agreement.  If the Parties disagree, such fees shall be set by the Court.

## DAMAGES, ATTORNEYS' FEES, LITIGATION EXPENSES, AND COSTS:

7.     The Parties have not reached any agreement regarding Plaintiff's claims for damages, attorneys' fees, litigation expenses, and costs.  These matters will be the subject of future negotiation or litigation as necessary.  <u>The Parties jointly stipulate and request that the Court not dismiss the case in its entirety as these issues remain unresolved</u>.

## ENTIRE CONSENT DECREE AND ORDER:

8.     This Consent Decree and Order and **Attachments A & B** constitute the entire agreement between the signing Parties on the matters of injunctive relief, and no other statement, promise, or agreement, either written or oral, made by any of the Parties or agents of any of the Parties that is not contained in this written Consent Decree and Order, shall be enforceable regarding the matters of injunctive relief described herein.  This Consent Decree and Order applies to Plaintiff's claims for injunctive relief only and does not resolve Plaintiff's claims for damages, attorneys' fees, litigation expenses, and costs, which shall be the subject of further

- 7 -

1    negotiation and/or litigation.  The Parties stipulate that all Parties request that the

2    <u>Court not dismiss the case in its entirety as issues of statutory damages, attorneys'</u>

3    <u>fees, litigation expenses, and costs are still before the Court.</u>

4

5

6    **CONSENT DECREE AND ORDER BINDING ON PARTIES AND**

7    **SUCCESSORS IN INTEREST:**

8         9.      This Consent Decree and Order shall be binding on Plaintiff,

9    Defendants, and any successors-in-interest.  Defendants have a duty to so notify all

10

11   such successors-in-interest of the existence and terms of this Consent Decree and

12   Order during the period of the Court's jurisdiction of this Consent Decree and

13   Order.

14

15   **MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS**

16   **TO INJUNCTIVE RELIEF ONLY:**

17        10.     Each of the Parties to this Consent Decree and Order understands and

18

19   agrees that there is a risk and possibility that, subsequent to the execution of this

20   Consent Decree and Order, any or all of them will incur, suffer, or experience

21   some further loss or damage with respect to the lawsuit that is unknown or

22

23   unanticipated at the time this Consent Decree and Order is signed.  Except for all

24   obligations required in this Consent Decree and Order, the Parties intend that this

25   Consent Decree and Order apply to all such further loss with respect to the lawsuit,

26

27   except those caused by the Parties subsequent to the execution of this Consent

28

- 8 -

Decree and Order.  Therefore, except for all obligations required in this Consent Decree and Order, this Consent Decree and Order shall apply to and cover any and all claims, demands, actions, and causes of action by the Parties to this Consent Decree with respect to the lawsuit, whether the same are known, unknown, or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived.  Section 1542 provides as follows:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.**

This waiver applies to the injunctive relief aspects of this action only and does not include resolution of Plaintiff's claims for damages, attorneys' fees, litigation expenses, and costs.

11.    Except for all obligations required in this Consent Decree and Order – and exclusive of Plaintiff's referenced continuing claims for damages, statutory attorneys' fees, litigation expenses, and costs – each of the Parties to this Consent Decree and Order, on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners, and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents,

- 9 -

attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the lawsuit.

**TERM OF THE CONSENT DECREE AND ORDER:**

12.     This Consent Decree and Order shall be in full force and effect for a period of eighteen (18) months after the date of entry of this Consent Decree and Order by the Court, or until the injunctive relief contemplated by this Order is completed, whichever occurs later.  The Court shall retain jurisdiction of this action to enforce provisions of this Consent Decree and Order for eighteen (18) months after the date of entry of this Consent Decree and Order by the Court, or until the injunctive relief contemplated by this Order is completed, whichever occurs later.

**SEVERABILITY:**

13.     If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

- 10 -

1

2    **SIGNATORIES BIND PARTIES:**

3        14.    Signatories on the behalf of the Parties represent that they are

4

5    authorized to bind the Parties to this Consent Decree and Order.  This Consent

6    Decree and Order may be signed in counterparts and a facsimile signature shall

7    have the same force and effect as an original signature.

8

9

10                              **END OF PAGE.**
11    **SIGNATURES CONTINUE ON THE NEXT PAGE AND ORDER IS AT**
              **THE END OF THE DOCUMENT.**
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
                                    - 11 -
28   CONSENT DECREE & ORDER AS
     TO INJUNCTIVE RELIEF ONLY
     Case No. C11-04596 NC

1

Dated: _U/11_, 2012      PLAINTIFF BERTHA JOHNSON

2

3      _____
       BERTHA JOHNSON

4

5

Dated: _U/11_, 2012      DEFENDANT 99¢ ONLY STORES

6

7      By: _____

8      Print name: _Doug Digison_

9      Title: _AVP Const. & Store Design_

10

11

Dated: _U/11_, 2012      DEFENDANT 1931 SAN PABLO PARTNERS,
                         LLC

12

13      By: _____

14      Print name: _ALi R. KASHANi_

15      Title: _Member_

16

17   APPROVED AS TO FORM:

18   DATED: _U/11_, 2012      **LAW OFFICES OF PAUL L. REIN**

19

20      By: _____
           Catherine Cabalo

21      Attorneys for Plaintiff
        BERTHA JOHNSON

22

23   DATED: _June 11_, 2012      **GREENWALD, PAULY, FOSTER &**
                                 **MILLER, P.C.**

24

25      By: _____
           Brian C. Coolidge

26      Attorneys for Defendant
        99¢ ONLY STORES

27

28

CONSENT DECREE & ORDER AS
TO INJUNCTIVE RELIEF ONLY
Case No. C11-04596 NC

1

2   DATED: ___6·11___, 2012          **BERTRAND, FOX & ELLIOT**

3

4                                    By: _____
                                         Eugene B. Elliot
5                                        Attorneys for Defendant
                                         1931 SAN PABLO PARTNERS, LLC
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
                                    - 13 -
28

1

## ORDER

2    Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.

3

4
     Dated:  June 13  , 2012

5
                                                Honorable Nathanael M. Cousins
6                                               United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
                                       - 14 -
28
     CONSENT DECREE & ORDER AS
     TO INJUNCTIVE RELIEF ONLY
     Case No. C11-04596 NC